# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN LYMON MCKINNEY, ) | 1:10-CV-00111 GSA HC |
| ) | |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S |
| ) | MOTION TO DISMISS |
| ) | [Doc. #14] |
| v. ) | |
| ) | ORDER DENYING PETITION AND |
| ) | DIRECTING CLERK OF COURT TO ENTER |
| DAN LEON, Warden, ) | JUDGMENT AND CLOSE CASE |
| ) | |
| Respondent. ) | ORDER DECLINING ISSUANCE OF |
| _____ ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Inyo, following his conviction by jury trial on May 26, 2006, of making criminal threats (Cal. Penal Code § 422), false imprisonment (Cal. Penal Code § 236), and inflicting corporal injury upon a co-habitant (Cal. Penal Code § 273.5). (LD[1] 1.) In a bifurcated proceeding, Petitioner admitted he had been convicted and served a prison sentence for first degree assault in Alabama in December 2000. (Id.) On August 8, 2006, Petitioner

---

[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

was sentenced to serve a total determinate prison term of seven years. (LD 2.)

Petitioner thereafter appealed the conviction.  On October 20, 2008, state appellate court affirmed the conviction. (LD 5.) Petitioner then filed a petition for review with the California Supreme Court. (LD 6.) Review was summarily denied by the California Supreme Court on December 23, 2008. (LD 7.)

On June 25, 2009, Petitioner filed a habeas petition in the Inyo County Superior Court. (LD 7A.) The superior court denied the petition in a reasoned opinion on August 24, 2009. (LD 7B.) Petitioner then filed a habeas petition in the appellate court on September 21, 2009. (LD 8A.) The petition was summarily denied on October 6, 2009. (LD 8B.) Petitioner did not seek further relief in the California Supreme Court.[2] (LD 9.)

On January 22, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims he is actually innocent of the underlying offenses since he was physically incapable of committing the offenses in question. He further claims counsel was ineffective in failing to present a defense of actual innocence.  On April 27, 2010, Respondent filed a motion to dismiss the petition. Respondent alleges the petition is completely unexhausted. In addition, Respondent contends the petition is meritless and should be denied.  Petitioner did not file an opposition to Respondent's motion to dismiss.

## FACTUAL BACKGROUND[3]

Defendant and the victim, Debra Oliver (Oliver) met in Alabama in late 2005 and shortly thereafter he moved into her home. Oliver paid the bills and rent, gave defendant money, and let him drive her car and use her cell phone. Defendant did not work while they lived in Alabama. Oliver wanted a monogamous relationship, but defendant did not. Defendant had sex with other women and actively encouraged Oliver to have sex with other men. Defendant brought three different men home for Oliver to have sex with and suggested she take money for having sex with men, which she did on

---

[2] According to the declaration submitted by Respondent of Joseph Cornetta, Deputy Clerk in the Supreme Court of California, there are no records of any petitions filed by Petitioner except for the petition for review filed on November 20, 2008.

[3] The appellate court's summary of the facts in its October 20, 2008, opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Thus, the Court adopts the factual recitations set forth by the appellate court.

one occasion. They moved to Bishop, California in February 2006, where Oliver began to work as a nurse and got defendant a job at a nursery. Defendant suggested that Donny Belyeu (Belyeu), a former co-worker of Oliver whom defendant had once brought home for Oliver to have sex with, move from Alabama to Bishop. In early March 2006, defendant drove to Alabama and brought Belyeu to Bishop. Upon Belyeu's arrival in Bishop, the three had sex together at defendant's suggestion.

One or two days later, on March 9, 2006, Belyeu and Oliver had sex in the kitchen of Oliver and defendant's home while defendant was in the bedroom asleep. Oliver then went to bed and found defendant awake. Defendant got out of bed, swore at Oliver and threw her back onto the bed. He got on top of her, put one knee on her, held her down, hit her on the mouth and began to strangle her. Oliver could not breathe. While defendant was strangling Oliver, he called her names and told her he would kill her. Oliver believed defendant would kill or seriously injure her. Belyeu eventually entered the bedroom and told defendant to stop. A few minutes later, defendant got off of Oliver.

After the attack stopped, Oliver went to sleep. The next morning, a friend picked up Oliver to attend a water aerobics class and noticed marks on Oliver's neck. Oliver told her friend what defendant had done to her and the friend took Oliver to a domestic violence services center. Police were then called. Oliver suffered a busted lip, a scrape on her finger, chest and back sprains, multiple bruising, including around the neck and bruised kidneys.

(LD 5.)

**DISCUSSION**

I.      Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Inyo County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct

alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner raises two grounds for relief.  Respondent alleges that both grounds for relief are unexhausted. Petitioner only filed one petition in the California Supreme Court, a petition for review on November 5, 2008, and the instant claims were not presented therein. Therefore, Respondent is correct that both grounds are unexhausted and should be dismissed. Rasberry v. Garcia, 448 F.3d 1150 (9th Cir.2006). Nevertheless, Respondent urges the Court to address the claims pursuant to 28 U.S.C. § 2254(b)(2), which provision allows the Court to deny a petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

III.     Review of Claims

   A.  Actual Innocence

Petitioner first alleges he is actually innocent of the multiple offenses of making criminal threats, false imprisonment and inflicting corporal injuries on the victim, because he was physically incapable of doing so. In support, Petitioner points to medical records concerning an incident which

occurred on the very same date of the beating he administered to his co-habitant. (See Exhibit to Petition.)  The medical records indicate that Petitioner sought medical attention for complaints of hand pain and swelling due to allegedly injuring his hand while using a hammer. (Id.)

It is an open question whether a freestanding actual innocence claim is cognizable in a federal habeas proceeding. In Herrera v. Collins, 506 U.S. 390 (1993), the Supreme Court assumed without deciding that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." 506 U.S., at 417; see also id., at 419, (O'Connor, J., concurring) ("I cannot disagree with the fundamental legal principle that executing the innocent is inconsistent with the Constitution"). In House v. Bell, 547 U.S. 518 (2006), the Supreme Court left open the question whether such a claim is cognizable in capital and non-capital habeas cases. 547 U.S., at 554-55.  Thereafter, The Ninth Circuit assumed that such a claim is cognizable in federal habeas. Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir.1997.) In Carriger, the Ninth Circuit concluded that "the threshold for a freestanding claim of innocence would have to be 'extraordinarily high.'" Id., *citing* Herrera, 506 U.S. 390, 417. The Ninth Circuit determined that a "freestanding innocence claim must go beyond demonstrating doubt about [the petitioner's] guilt, and must affirmatively prove that he is probably innocent." Carriger, 132 F.3d at 476, *citing* Herrera, 506 U.S. at 442-44, (Blackmun, J., dissenting).

In this case, assuming Petitioner's innocence claim is cognizable, it is clear he has not met his burden. As discussed by the superior court, Petitioner walked into the emergency room at 5:00 in the evening on the same date as the incident giving rise to the charges. (LD 7B.) Petitioner complained of pain in his right hand. (Id.) Petitioner does not state whether he reported to the emergency room before or after the incident, presumably because reporting to the emergency room after the incident would lead to the obvious conclusion that the injury was caused not by a hammer and board, but by the beating he administered to the victim. In any case, the emergency room physician could not find much wrong with Petitioner's right hand. (See Exhibit A, Petition.) There was no fracture, no wrist tenderness, no swelling, and there was full range of motion. (Id.) The only anomaly observed was some tenderness over the fourth and fifth metacarpals. (Id.) Based on this, the

physician advised Petitioner "to take Motrin for pain, take it easy and check back if pain persists." (LD 7B.) This evidence, as questionable as it is, provides no support whatsoever for Petitioner's claim that it was impossible for him to commit the underlying offenses. Further, in light of the testimony of two eyewitnesses to the crime, the superior court correctly found that "by no stretch of common sense and experience is it possible to conceive of circumstances in which discovery and presentation of the evidence of Petitioner's ER visit in these circumstances could have had a material impact on the jury's assessment of the Petitioner's culpability in this case." There is no question that Petitioner fails to satisfy his extremely high burden of demonstrating he is probably innocent. The claim must be denied.

### B.  Ineffective Assistance of Counsel

In his remaining claim, Petitioner alleges his counsel was ineffective in failing to present the medical evidence of his hand injury.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684 (1984). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Id. at 687. Second, [petitioner] must show that the deficient performance prejudiced the defense. Id. at 688. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Id. at 697. Since the petitioner must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

In this case, there is no question that Petitioner did not suffer any prejudice from counsel's failure to present the evidence of Petitioner's hand injury. As discussed above, the medical evidence would not have altered the outcome in any conceivable manner. Since Petitioner fails to demonstrate prejudice, the claim must be rejected.

### IV.   Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DENIED with prejudice;

3) The Clerk of Court is DIRECTED to enter judgment; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 10, 2010**          /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE